**Johnny J.E. MEADOWS, Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 85–1127

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1986.

W. Michael Bonesio, Dallas, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RANDALL, and DAVIS, Circuit Judges.

PER CURIAM:

On this appeal, we again consider the dismissal of appellant Johnny Meadows' petition for a writ of habeas corpus. Convicted of murder in 1972 and sentenced to life imprisonment, Meadows has since expended much energy in seeking to overturn his conviction. On a previous appeal, we affirmed the denial of habeas corpus relief in part, but vacated in part and remanded the case to district court with instructions to determine whether Meadows was coerced into confessing the crime and whether the alleged coercion could have tainted his guilty plea. *Meadows v. Estelle,* 746 F.2d 810 (5th Cir.1984). On remand, Judge Mahon found nothing improper with either the confession or the guilty plea and again dismissed Meadows' petition. We now affirm the district court's judgment.

Meadows was indicted for the murder of Mrs. Gloria Sue Green in February 1982. Although he was arrested in Ector County, Texas, the case was soon transferred to Tarrant County. Shortly after the transfer, Meadows called the sheriff of Ector County, expressing a desire to talk. Two Ector County officers went to Fort Worth; upon meeting them, Meadows waived the right of having his attorney, Jerry Loftin, present. Loftin unknowingly interrupted the meeting, however, and spoke with his client privately for about twenty minutes. Despite Loftin's entreaties to avoid signing anything, Meadows promptly signed a confession. Two days later, he pled guilty to murder with premeditation and received a life sentence.

In seeking habeas corpus relief, Meadows now asserts that the confession was coerced and that the circumstances of the coercion necessarily forced him to plead guilty. The district court rejected these contentions, however, in making the following findings of fact: (1) Meadows initiated contact with Ector County officers; (2) he knew he did not have to see the officers; and (3) he nevertheless rejected his attorney's advice by knowingly and voluntarily signing the confession. Because no coercion was found, the guilty plea made two days later was deemed untainted.

*Jurek v. Estelle*, 623 F.2d 929 (5th Cir.1980) (en banc), provides the standard of review in considering a district court's denial of habeas corpus relief sought on the ground of a confession's involuntariness. *Jurek* instructs us not to "overturn specific findings of fact made by the district court unless they are clearly erroneous." *Id.* at 932. We must, however, scrutinize the entire record and make an independent determination of the ultimate issue of voluntariness. *Id.* at 931, *quoting Beckwith v. United States*, 425 U.S. 341, 348, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). In performing this duty, we may substitute our own judgment even absent a conclusion of clearly erroneous rulings. *Id.* at 932. Applying these standards, we conclude that the specific findings of fact were not clearly erroneous and that the record as a whole supports the district court's conclusions.

While dispute exists over who initiated communication between Meadows and Ector County officers, Judge Mahon credited the testimony of the Ector County sheriff that Meadows called him; we find no reason to believe otherwise. The record also shows that Meadows knowingly rejected Loftin's assistance and signed the confession. Loftin himself noted no signs of physical or mental coercion. He was satisfied, moreover, that Meadows understood the consequences of his actions. In short, substantial evidence in the record supports the determination of a voluntary confession.

Meadows also asserts the absence of a full and meaningful hearing because of the ten-year span separating these events and his habeas corpus hearing. The record, however, belies this assertion. The transcript of the evidentiary hearing contains 1137 pages. This voluminous record, moreover, clearly shows that Judge Mahon went to great lengths to admit the evidence Meadows wished to admit. Because Meadows clearly had a fair chance to present his case, his assertion is meritless. We see no cause to grant a writ of habeas corpus; the district court's judgment is therefore

AFFIRMED.